UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL JAMES HERRIN,                                                                               PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:20-cv-00056-LG-RPM

HARRISON COUNTY, ET AL.                                                                            DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On February 13, 2020, plaintiff Michael James Herrin ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging false imprisonment in violation of his constitutional rights. (Doc. [1].) He filed the lawsuit while detained at the Harrison County Adult Detention Center. On July 20, 2020, defendant Harrison County filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in lieu of an Answer. (Doc. [21].) Defendant Darrell Hughes filed an Answer on September 11, 2020. (Doc. [35].) The Court set the matter for a screening hearing to be conducted on November 4, 2020 at 9:30 AM. (Doc. [36].)

On October 2, 2020, the Order setting the matter for hearing and a Notice of the hearing were mailed to the plaintiff at his address of record: Central Mississippi Correctional Facility F/B/89, P.O. Box 88550, Pearl, MS 39228. (Doc. [15].) The Notice was returned as "Undeliverable." (Doc. [38].) Since August 14, 2020, mail sent to the plaintiff has been returned as "Undeliverable." (Doc. [29][30][34][38].) The plaintiff has not submitted a change of address with the Court since June 6, 2020. (Doc. [15].) Nor has the plaintiff filed any pleading with the Court since filing opposition

1

to Harrison County's Motion to Dismiss on August 5, 2020.  (*See* Doc. [27].) It is the Court's understanding that the plaintiff has been released from prison.

On November 4, 2020, the Court came to order at the appointed time and announced the plaintiff's case. Attorneys for Defendants Harrison County and Darrell Hughes were present; however, the plaintiff did not appear for the hearing. The plaintiff's name was called in the courtroom three times without response.  The Courtroom Deputy then went into the hallway to call the plaintiff's name three times as well but received no response.  Based on the plaintiff's failure to maintain a current address and failure to appear for the hearing, the Court finds the plaintiff no longer demonstrates interest in prosecuting his claims. Fed. R. Civ. P. 41(b). *See also McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Michael James Herrin's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of November 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE